IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HENRY THOMAS, | ) | |
| | ) | Civil No. 06-186-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | |
| Superintendent, Oregon State | ) | FINDINGS AND RECOMMENDATION |
| Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

    Anthony D. Bornstein
    Office of the Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state convictions for Negligent Homicide, Assault in the Third Degree and Failure to Perform the Duties of a Driver. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On September 22, 1995, petitioner was driving his truck on Route 34 near Waldport, Oregon and struck three pedestrians. Two of the pedestrians, a fourteen-year-old girl and a twenty-year-old woman, were killed, and the third, an eleven-year-old girl, sustained injuries. Petitioner, who was driving under the influence of alcohol and with a suspended license, left the scene.

On or about September 29, 1995, the Lincoln County Grand Jury returned an indictment charging petitioner with two counts of Manslaughter in the First Degree, one count of Assault in the Second Degree, three counts of Failure to Perform the Duties of a Driver, one count of Felony Driving While Suspended and one count of Driving Under the Influence of Intoxicants. Respondent's Exhibit 102. A jury found petitioner guilty of two counts of Negligent Homicide, one count of Assault in the Third Degree, three counts of Failure to Perform the Duties of a Driver, one

2 - FINDINGS AND RECOMMENDATION

count of Felony Driving While Suspended and one count of Driving Under the Influence of Intoxicants. The court imposed a sentence of 132 months in prison followed by 36 months of post-prison supervision. Respondent's Exhibit 101.[1]

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Thomas, 164 Or. App. 536, 995 P.2d 596 (1999), rev. denied 330 Or. 412, 8 P.3d 219 (2000); Respondent's Exhibits 106 & 107.

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Respondent's Exhibits 118-120. The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review. Thomas v. Hall, 197 Or. App. 685, 108 P.3d 689 (2005), rev. denied 339 Or. 544, 125 P.3d 750 (2005); Respondent's Exhibits 125 & 126.

On February 8, 2006, petitioner filed this action. Though petitioner raised some forty (40) grounds for relief in his *pro se* Petition, he has briefed only "the ineffective assistance claim raised in Ground Twenty-Four of his *Pro Se* Petition." Petitioner's Memorandum in Support (#33), p. 14. Accordingly, the court deems the remaining unargued claims abandoned. Cf. Doty v. County of

---

[1] According to petitioner, he is now under supervision. Petitioner's Memorandum in Support (#33), p. 12.

3 - FINDINGS AND RECOMMENDATION

Lassen, 37 F.3d 540, 548 (9th Cir. 1994)("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it).

Petition Ground Twenty-Four reads as follows:

> **Ground twenty four:**  Petitioner was denied his right to the effective assistance of appellate Counsel created by the Sixth and Fourteenth Amendment[s] to the United States Constitution when appellate counsel failed to raise on appeal the issue of the trial court erring by not allowing Petitioner's jury instructions that would have aided the jury in applying the facts presented at trial to the defense's theory of unavoidable accidents caused by pedestrian negligence.  The court's denial of these instructions substantially prejudiced the jury against the Petitioner in that they could not properly weigh the pedestrian's negligence in causing the collision against the state's theory of causation.
>
> **Supporting Facts (State briefly without citing cases or law.)** Petitioner argued as a defense that the pedestrians were a significant factor in the cause of the accident.  Petitioner requested that a "comparative negligence" instruction be given to the jury.  The trial court denied to do so.  Petitioner was thereby prejudiced in that he was not allowed to fully advance his theory of the case.

Petition (#2), p. 11.

Respondent asks the court to deny relief on the Petition because the state court decision denying petitioner relief on this claim was reasonable under United States Supreme Court precedent, and is entitled to deference.  Respondent's Response to Petition for Writ of Habeas Corpus (#34), p. 8.

## DISCUSSION

Petitioner claims that his direct appellate attorney was constitutionally ineffective when she failed to assign error to the trial court's refusal to give petitioner's proposed jury instructions on contributory negligence and causation.  The Supreme

Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 686-687 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  <u>Id</u> at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense.  The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id</u> at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  <u>Id</u> at 696.

In addition, a petitioner wishing to bring a <u>Strickland</u> claim based on his appellate attorney's failure to raise a particular claim must not only show that the claim had merit, but must also demonstrate that the omitted claim was "clearly stronger than issues that counsel did present."  <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000).

During PCR proceedings, petitioner alleged that his direct appellate counsel was ineffective for failing to raise as error the trial court's refusal to allow petitioner's proposed jury

5 - FINDINGS AND RECOMMENDATION

instructions that would have "aided the jury in applying the facts presented at trial to the defense's theory of unavoidable accidents caused by pedestrian negligence." Respondent's Exhibit 108, p. 6. As summarized by petitioner:

> [Trial counsel] submitted jury instructions pertaining to causation and contributory negligence. He also asked for an instruction that a driver is not criminally responsible for an accident even if he is intoxicated, unless there is additional evidence of reckless or negligent driving, and the driver's operation of the vehicle was the "nearest and most direct cause of the collision." (Tr 2132). He also asked that the jury be instructed that the state had the burden of proving, beyond a reasonable doubt, that the collision was "not unavoidable." (Tr 2130-31). [Trial Counsel] also requested that several uniform civil instructions be given: one, regarding the duty of every person to use reasonable care, one on negligence *per se*, and UCJI 20.01 on negligence and causation.

Petitioner's Memorandum in Support (#33), p. 11.[2]

Respondent argued, as attested to by petitioner's direct appellate counsel, that there was no Oregon authority for petitioner's proposed instructions concerning contributory or comparative negligence by the victims. Respondent's Exhibit 111, p. 23. Petitioner cited no authority to the contrary. Accordingly, the PCR trial court, in the only written opinion on

---

[2] I note that the trial court instructed the jury that "[e]vidence that a driver of a vehicle consumed alcohol prior to the time of the collision is not sufficient **by itself** to find the driver guilty of, (A) Manslaughter in the First Degree; (B), Manslaughter in the Second Degree; (C), Criminally Negligent Homicide; (D) Assault in the Second Degree; (E) Assault in the Third Degree," and issued instructions relating to the duties that pedestrians have when present on public highways under Oregon law. Tr. 2122-23 (emphasis added).

6 - FINDINGS AND RECOMMENDATION

this issue, concluded that Oregon law did not contemplate the requested jury instructions. In denying petitioner's PCR petition, the PCR trial court made the following pertinent findings of fact and conclusions of law:

> * * *
>
> 46. There is no Oregon authority for the requested jury instructions concerning contributory or comparative negligence by the victims.  This is not an appealable issue.
>
> * * *
>
> 2. Based on the findings of fact set forth above, in the direct appeal from the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by [ ] the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). . . .

Respondent's Exhibit 119, pp. 13-14.

In his PCR appeal, petitioner attempted to offer Oregon cases supporting his contention that jury instructions on contributory negligence and causation are warranted in cases like his. Respondent's Exhibit 121, pp. 20-22. In its responsive brief, the State offered cases of its own and distinguished petitioner's cases. Respondent's Exhibit 123, pp. 10-14. As evidenced by its ruling affirming the PCR trial court without opinion, the Oregon Court of Appeals rejected petitioner's argument.

The conclusions of the PCR trial court, as confirmed by the Oregon Court of Appeals and the Oregon Supreme Court, make it clear

7 - FINDINGS AND RECOMMENDATION

that the state court's interpretation of its own governing cases is that Oregon law does not support the issuance of the requested jury instructions related to contributory negligence and causation. This court is bound by those conclusions because a federal court must honor state-court determinations of state-law questions. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002)("A state court had the last word on the interpretation of state law.")(citing McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir. 1989)); Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000)("[A] federal court is bound by the state court's interpretations of state law."(citing Wainwright v. Goode, 464 U.S. 78, 84 (1983)); Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994)(state courts are the ultimate expositors of state law).

Because Oregon's courts have determined that state law does not support the issuance of the proposed instructions, petitioner cannot fault his appellate attorney for declining to raise the claim on appeal, nor can he demonstrate that he suffered any prejudice from appellate counsel's decision to omit the issue.

For these reasons, the PCR trial court's decision that petitioner was not denied the right to effective assistance of

8 - FINDINGS AND RECOMMENDATION

appellate counsel is neither contrary to, nor an unreasonable application of, clearly established federal law.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __17th__ day of December, 2007.

                                   /s/ Paul Papak
                                   Paul Papak
                                   United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION